**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4898**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN MICHAEL BENNETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (CR-05-4)

Submitted: October 31, 2006        Decided: December 6, 2006

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. George E. B. Holding, Acting United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, John Michael Bennette was convicted of possession of a firearm by a fugitive from justice, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2006). The district court sentenced Bennette to forty-two months in prison. Bennette timely appeals.

Bennette asserts on appeal that the district court erred in denying his motions for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because the evidence was insufficient to support his conviction. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir.), cert. denied, 127 S. Ct. 197 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, the court considers circumstantial and direct evidence, and allows the government the benefit of all reasonable inferences from the facts proven to those sought to be

established.  United States v. Tresvant 677 F.2d 1018, 1021 (4th Cir. 1982).

Section 922(g)(2) prohibits "any person . . . who is a fugitive from justice . . . [from] posess[ing] in or affecting commerce . . . any firearm or ammunition."[1]  18 U.S.C. § 922(g)(2). A "fugitive from justice" is defined under the statute as "any person who has fled from any State to avoid prosecution for a crime."  18 U.S.C. § 921(a)(15) (2000).  In United States v. Spillane, 913 F.2d 1079 (4th Cir. 1990), in the context of a § 922(g)(2) conviction, this court defined a "fugitive from justice" as "[a]ny person who, knowing that charges are pending, purposely (1) leaves the jurisdiction of prosecution and (2) refuses to answer those charges by way of appearance before the prosecuting tribunal."  Id. at 1081-82.  Bennette argues that the government failed to show that he deliberately left Maine knowing there were charges pending against him.

Although this court has not directly addressed the issue, other circuits have distinguished between a defendant's classification as a "fugitive," which is necessary for a § 922(g)(2) conviction, and a defendant's actual knowledge that he was classified as a fugitive when he left the state where charges were pending, which is not required for a § 922(g)(2) conviction. See United States v. Ballentine, 4 F.3d 504, 506 (7th Cir. 1993) (collecting cases).  The Seventh Circuit explained in Ballentine,

---

[1]The parties stipulated that the firearm at issue in this case traveled in interstate commerce.  (J.A. 238).

> "[F]ugitive" status . . . involves a defendant's knowledge that charges are pending against him. It is not necessary for him to understand that he carries the name or status of "fugitive." Instead, a defendant need only know that charges are pending against him, that he has refused to answer to those charges and that he has left the jurisdiction where the charges are pending.

Id.

Here, the evidence presented at trial showed that at the time he possessed the firearm in 2004, Bennette knew that there was an outstanding warrant for his arrest in Maine for obtaining goods by false pretenses. The government also presented the testimony of Bennette's friend who stated that Bennette had told him that when Bennette was young, he left a company and created his own "severance package" by charging "some stuff" from the supply house and then leaving. Viewing the evidence in the light most favorable to the government, we find that this evidence was sufficient to show that Bennette knew he had committed a crime when he "created" his "severance package" in Maine and thus it supported the jury's finding that Bennette left Maine with the knowledge that there were charges pending against him in that state.[2]

Accordingly, we affirm Bennette's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[2]Bennette does not assert on appeal that the government failed to meet the second prong of Spillane; namely, that he refused to answer the charges by appearing before the tribunal in Maine. Further, he does not dispute that he possessed a firearm.